1

2

3

4

5            UNITED STATES DISTRICT COURT

6            EASTERN DISTRICT OF WASHINGTON

7    UNITED STATES OF AMERICA,

8                        Plaintiff,          NO:  CR-13-12-RMP-1, 2, 3
                                             NO:  CR-13-11-RMP
9          v.

10   GREGORY D. JEFFREYS;                    ORDER DENYING DEFENDANT'S
     KIMBERLY JEFFREYS; and                  MOTION FOR CHANGE OF VENUE
11   SHANNON STILTNER,

12                        Defendants.

13        Before the Court is Defendant Gregory D. Jeffreys's Motion for Change of

14   Venue, **CR-13-00012, ECF. No. 202** and **CR-13-00011, ECF NO. 71**.[1]   The

15   Court heard oral argument on the motion during the pretrial conference on

16   September 10, 2013.  Jeffreys was present at the hearing and represented by Mark

17   E. Vovos.  Sean McLaughlin appeared for the United States of America.  The

18   _____

19   [1] Jeffreys filed identical motions for change of venue in both criminal proceedings

20   against him.  Unless otherwise noted, all ECF citations refer to CR-13-00012.

ORDER DENYING DEFENDANT'S MOTION FOR CHANGE OF VENUE ~ 1

Court has reviewed the motions, the Government's response, the supporting documentation, and is fully informed.

## BACKGROUND

Jeffreys and two co-defendants were indicted on January 25, 2013, for their roles in money laundering, conspiracy to commit fraud, and other alleged crimes. ECF No. 1. The three defendants were arrested on January 29, 2013. ECF No. 28, 29, 30. A jury trial is scheduled for January 6, 2014. ECF No. 95.

Jeffreys was separately indicted for possession of an unregistered firearm. CR-13-00011, ECF No. 1. A jury trial in that matter is scheduled for February 24, 2014. CR-13-00011, ECF No. 46.

Jeffreys submitted over 100 pages of newspaper and television reports regarding his real estate dealings, alleged crimes, and criminal proceedings. ECF Nos. 202-1, 202-2, 251, 265.

## ANALYSIS

Jeffreys moves to change the venue of his individual trial and the multi-defendant trial from Spokane, Washington. Jeffreys asserts that inflammatory media coverage would prevent him from having a fair and impartial jury trial in Spokane.

The Sixth Amendment to the United States Constitution grants criminal defendants the right to trial by an impartial jury. *Duncan v. Louisiana*, 391 U.S. 145, 153 (1968). A criminal trial ordinarily should take place in the district where the offense was committed. U.S. Const. amend. VI; Fed. R. Crim. P. 18. Due process considerations require transferring the trial to another district if "extraordinary local prejudice" will prevent the defendant from obtaining a fair trial in the district of the offense. *Skilling v. United States*, 130 S. Ct. 2896, 2913 (2010) (citing *In re Murchison*, 349 U.S. 133, 136 (1955)). Under Federal Rule of Criminal Procedure 21(a), the Court may transfer venue if it is satisfied "that so great a prejudice against the defendant exists . . . that the defendant cannot obtain a fair and impartial trial" in the transferring district.

The Ninth Circuit has identified two types of prejudice that may support a motion to transfer venue: presumed prejudice and actual prejudice. *Hayes v. Ayers*, 632 F.3d 500, 508 (9th Cir. 2011) (quoting *United States v. Sherwood*, 98 F.3d 402, 410 (9th Cir. 1996)). Defendant argues that presumed prejudice supports his motion to change venue.

Prejudice may be presumed "when the record demonstrates that the community where the trial was held was saturated with prejudicial and inflammatory media publicity about the crime." *Harris v. Pulley*, 885 F.2d 1354, 1361 (9th Cir. 1988). Prejudice should be presumed in only extreme cases.

*Skilling*, 130 S. Ct. at 2915; *see also Harris*, 885 F.2d at 1361 (presumed prejudice is "rarely applicable" and "reserved for an extreme situation") (internal citations omitted).

In *Skilling*, the Supreme Court emphasized that its jurisprudence on pretrial publicity "'cannot be made to stand for the proposition that juror exposure to . . . news accounts of the crime . . . alone presumptively deprives the defendant of due process.'" 130 S. Ct. at 2914 (quoting *Murphy v. Florida*, 421 U.S. 794, 798-99 (1975)). "Prominence does not necessarily produce prejudice, and juror *impartiality*, we have reiterated, does not require *ignorance*." *Id.* (citing *Irvin v. Dowd*, 366 U.S. 717, 722 (1961)).

The Supreme Court identified several factors in *Skilling* relevant to an analysis of presumed prejudice due to pretrial publicity: (1) the size and characteristics of the community in which the crime occurred; (2) the nature of the news stories; (3) the timing of the trial in relation to the alleged crime; and (4) whether the jury acquits the defendant of some of the alleged crimes. *Id.* at 2915-16. The fourth factor is inapplicable when a defendant moves before trial to change venue.

/ / /

/ / /

/ / /

ORDER DENYING DEFENDANT'S MOTION FOR CHANGE OF VENUE ~ 4

1    The Court considers each relevant factor in turn.

2    *1.  Size and Characteristics of the Community*

3    According to the United States Census Bureau, as of 2010 approximately

4    1,105,950 people live in the twenty counties that make up the Eastern District of

5    Washington.  United States Census Bureau, *State & County QuickFacts:*

6    *Washington* (Sep. 2, 2013), http://quickfacts.census.gov/qfd/states/53000.html.

7    Spokane County alone had an estimated population of 475,735 people in 2012.  *Id.*

8    Given the size of the district, it is difficult to imagine that twelve impartial

9    individuals cannot be found.  *See Skilling*, 130 S. Ct. at 2915.

10   *2.  The Nature of the News Stories*

11   The Court must consider whether the news reports contained a "confession

12   or other blatantly prejudicial information of the type readers or viewers could not

13   reasonably be expected to shut from sight."  *Skilling*, 130 S. Ct. at 2916.  For

14   example, in *Rideau v. Louisiana*, 373 U.S. 723 (1963), police filmed the

15   defendant's detailed admission of guilt without the defendant's knowledge or

16   consent, and without the presence of counsel.  *Id.* at 724, 725, 727.  The tape was

17   then broadcast to a local television audience on three separate occasions shortly

18   before trial.  *Id.* at 724.  The Supreme Court found that venue should have been

19   transferred, in part because much of the community had essentially seen the

20   defendant plead guilty to the crime for which he was charged.  *Id.* at 726.  As the

ORDER DENYING DEFENDANT'S MOTION FOR CHANGE OF VENUE ~ 5

1    Court put it in *Skilling*, "Rideau's dramatically staged admission of guilt . . . was

2    likely imprinted indelibly in the mind of anyone who watched it."  130 S. Ct. at

3    2916.

4         Jeffreys submitted a substantial number of news reports covering his

5    business deals and alleged crimes, but some of the reports simply discuss Jeffreys's

6    building projects or relay neutral facts regarding criminal proceedings against

7    Jeffreys.  *See, e.g.*, ECF No. 202-1 at 40-42, 91-93, 94-95, 126-38, 131-32.  Even

8    if other articles discussing lawsuits and criminal charges pending against Jeffreys

9    are "unflattering and in some instances [include] inadmissible evidence," *Hayes*,

10   632 F.3d at 509, "they [contain] no confession or other blatantly prejudicial

11   information of the type readers or viewers could not reasonably be expected to shut

12   from sight," *Skilling*, 130 S. Ct. at 2916.  *See, e.g.*, ECF No. 202-1 at 20-22, 24-25,

13   50-56, 57-59, 106-08; ECF No. 265-1.

14    3.  *The Timing of the Trial*

15        The Supreme Court has noted that passage of a significant period of time

16   between the media reports and the defendant's trial can have "a profound effect on

17   the community and, more important, on the jury, in softening or effacing opinion."

18   *Patton v. Yount*, 467 U.S. 1025, 1033 (1984).  The most detailed media coverage

19   of Jeffreys's alleged crimes was published between late January and April 2013.

20   ECF No. 202-1 at 23, 28-29, 32-33, 34-39, 43-44, 50-56, 65-68; ECF No. 202-1 at

ORDER DENYING DEFENDANT'S MOTION FOR CHANGE OF VENUE ~ 6

138.  Another article related to court proceedings was published in late May, and Jeffreys was mentioned in July and September articles discussing the Ridpath property.  ECF No. 202-1 at 15-17, 20-22; ECF No. 251-1.  Jeffreys submitted an article from late September 2013 regarding new indictments filed against him and his co-defendants.  ECF No. 265-1.

Although the media has occasionally reported on Jeffreys in the months since he has been in custody, trial is not scheduled until January 6, 2014.  ECF No. 95.  Unlike in *Rideau*, Jeffreys has not been the subject of extensive and extremely inflammatory media coverage shortly before trial.  *See* 373 U.S. at 724.  The passage of time between media coverage of Jeffreys and his scheduled trial does not support a change of venue.

When considered together, the factors announced in *Skilling* and an examination of the Supreme Court's precedents demonstrate that Jeffreys's case does not present an extreme situation where change of venue is warranted based on the existence of pretrial publicity.

The Court recognizes that inflammatory media coverage of Jeffreys may increase as the trial date approaches.  Therefore, Jeffreys may renew his motion to change venue if appropriate.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Jeffreys's Motion to Change Venue, **CR-13-00012, ECF No. 202** and **CR-13-00011, ECF**

1  **NO. 71**, is **DENIED with LEAVE TO RENEW**.

2       The District Court Clerk is directed to enter this Order and provide copies to

3  counsel.

4       **DATED** this 3rd day of October 2013.

5

6

7                           *s/ Rosanna Malouf Peterson*
                      ROSANNA MALOUF PETERSON
                      Chief United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING DEFENDANT'S MOTION FOR CHANGE OF VENUE ~ 8